**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 5 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PAUL C. TOMASINI, | No. 22-15663 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-03020-MCE-CKD |
| v. | |
| JESSICA DUNCAN, Licensed Vocational Nurse; ASHLEY HUGGARD; CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted June 26, 2023**

Before:      CANBY, S.R. THOMAS, and CHRISTEN, Circuit Judges.

California state prisoner Paul C. Tomasini appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate

indifference to his serious medical needs.  We have jurisdiction under 28 U.S.C.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment for defendant Huggard because Tomasini failed to raise a genuine dispute of material fact as to whether Huggard acted with deliberate indifference in reporting Tomasini's blocked catheter to the triage and treatment area facility. *See id.* at 1057-60 (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to inmate health; medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference).

The district court did not abuse its discretion by deciding the motion for summary judgment notwithstanding Tomasini's assertion that additional documents existed and had not been turned over to him, because Tomasini did not show what facts he hoped to elicit from further discovery, that these facts existed, or that they were essential to opposing summary judgment. *See Fam. Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008); *see also* Fed. R. Civ. P. 56(d).

The district court did not abuse its discretion by denying Tomasini's motion to stay the action. *See Am. C.L. Union of Nevada v. Masto*, 670 F.3d 1046, 1052 (9th Cir. 2012) (stating standard of review).

We reject as without merit Tomasini's contention that Huggard's filing of a

2                                                                                    22-15663

motion for summary judgment and supporting documents on the last day to file pretrial motions deprived him of his rights under *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) (en banc).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**